IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY GAMACHE, | § | |
| Plaintiff, | § | |
| | § | 3:11-CV-504-D |
| v. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| Defendant. | § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Plaintiff claims that "federal lawmakers have refused to pass laws that would protect their citizens from the use of electronic weapons." (Compl. at 2.) He claims these electronic weapons emit signals that go through walls and can injure and kill people. He asks the Court to order federal lawmakers and/or the State of Texas to pass a law banning these electronic weapons. The Court did not issue process, pending preliminary screening.

## SCREENING

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citations omitted); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

Plaintiff asks this Court to order passage of a state and/or federal law protecting citizens from the use of electronic weapons.[1] This Court, however, has no jurisdiction to order the State of Texas or federal officials to pass certain laws. Additionally, Plaintiff's factual allegations describe fantastic or delusional scenarios. *See, Harris*, 198 F.3d at 156. The Court finds the complaint should be dismissed as frivolous.

## RECOMMENDATION

The Court recommends that the complaint be dismissed as frivolous.

Signed this 31st day of March, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] In the past three months, Plaintiff has filed similar complaints in approximately thirty-five other federal courts.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).